

Signed: November 19, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-47895
                                         Chapter 11
CURLEE C. DENNIS,
                                         Date: 11/18/10
                      Debtor./           Time: 2:30 p.m.
                                         Ctrm: 215

DECISION

August P. Landis, Acting United States Trustee ("Landis"), has moved for conversion or dismissal of this chapter 11 case. The court will grant Landis's motion to dismiss.

Curlee C. Dennis, the above debtor ("Dennis"), filed a voluntary chapter 13 petition herein on July 13, 2010. On August 6, 2010, the court converted the case to chapter 11 on Dennis's motion.

Landis had scheduled an Initial Debtor Interview in accordance with his standing procedures for September 17, 2010. Dennis failed to appear.

The meeting of creditors required by Bankruptcy Code § 341(a) was set for September 20, 2010. Dennis failed to appear.

Landis had requested that Dennis furnish him with certain documents within 15 days following the conversion to chapter 11.

Decision

Dennis failed to produce the documents.

Dennis has failed to file monthly operating reports as required by Bankruptcy Code §§ 1107(a) and 704(8), and by the U.S. Trustee Guidelines in effect for this region.

Landis's motion is based on the foregoing violations by Dennis. Bankruptcy Code § 1112(b)(4)(F),(G) and (H).

Dennis raises two defenses. First, she notes that on August 26, 2010, the court had held a status conference in the chapter 11 case. At that status conference, Asst. U.S. Trustee Margaret McGee appeared and advised the court of various administrative problems with the case. The court recommended that Dennis get legal counsel, and continued the status conference to December 2, 2010. Dennis argues that she misunderstood the court, and that she thought he had until December 2, 2010 to take care of the problems.

The court rejects this defense. One major reason the court continued the status conference was because the meeting of creditors and Initial Debtor Interview had not yet taken place. And the court certainly did not tell Dennis at the status conference that she was free to skip the meeting of creditors, free to skip the Initial Debtor Interview, free to disregard Landis's requests for information, and free to ignore her duty to file operating reports.

Dennis also argues that she has filed a proposed plan and disclosure statement and should be given the opportunity to obtain confirmation of the proposed plan. The court has reviewed the proposed plan, which is not confirmable for numerous reasons, including a total lack of feasibility.

Decision 2

Dennis's major asset in this case is an overencumbered residence, which apparently sits on a large lot (the "Property"). Dennis valued the Property at $800,000 in her amended Schedule A.

Dennis's proposed plan calls for Dennis to litigate with Wells Fargo Bank over its standing herein to assert a lien claim against the Property, and following the successful conclusion thereof, to borrow $10.8 million dollars to develop the Property by building and selling upper income homes thereon plus a green house in which she will grow organic fruits and vegetables for sale to local farmers and markets.

Dennis's opposition papers include an email from a representative of CW Capital to a Mr. Montgomery of Kwanza Homestead Capital Nevada LLC, whose address is the same as Dennis's, telling Mr. Montgomery, and Dennis's daughter, Tanya Dennis, that CW would consider providing financing in an unstated amount subject to "appropriate due diligence, including US-HUD conditional mortgage commitments for specific projects . . ."

Clearly, this is not a commitment to lend Dennis $10.8 million or any other amount. Dennis's argument that she can qualify for $10.8 million in financing to start up a new multi-unit construction project and vegetable business on her overencumbered Property is, to put it mildly, unpersuasive.

The court therefore holds that Dennis's proposed plan does not mitigate against her numerous violations of her duties as a debtor herein.

///

1   The court expresses no opinion on the merits of Dennis's
2   lawsuit against Wells Fargo Bank.  Upon dismissal, Dennis is free to
3   seek relief against Wells Fargo Bank in any forum of competent
4   jurisdiction.
5       The court requests Landis to submit a proposed order dismissing
6   this chapter 11 case.

8                          **END OF ORDER**

Decision                                    4

```
1                        COURT SERVICE LIST
2   Margaret H. McGee, Esq.
    Office of the U.S. Trustee
3   1301 Clay Street, Suite 690-N
    Oakland, CA 94612
4
    Curlee C. Dennis
5   13763 Campus Drive
    Oakland, CA 94605
6
```

Decision                                5